UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CRSC, LLC,**

*Plaintiff*

VERSUS

**Blue Elephant Financing, LLC; Sugar Bay Club & Resort Corporation; Putting Green Earth Engineer Services Corporation, Agency Project Management, LLC,**

*Defendant*

Case No. **2:22-cv-01315-ILRL-MBN**

Judge **Ivan L.R. Lemelle**

Magistrate **Michael B. North**

**ANSWER TO THE COMPLAINT OF CRSC, LLC
AND ANSWER TO CROSSCLAIMS OF SUGAR BAY
AND COUNTERCLAIM AGAINST CITADEL AND CROSSCLAIM
TO ANNUL DEFAULT JUDGMENT OF SUGAR BAY
BY GREEN EARTH ENGINEER SERVICES CORPORATION**

NOW INTO COURT comes defendant-claimant Green Earth Engineer Services Corporation[1] ("Green Earth") who answers the *Complaint of Interpleader and Declaratory Judgment* (Doc. 1) of CRSC, as successor in interest to Citadel Recovery Services, LLC (predecessor and successor, collectively, "Citadel"), and further answers the Crossclaims of Sugar Bay and further makes a Counterclaim against Citadel and Crossclaim against Sugar Bay as follows:

    1.    Paragraph 1 is admitted.

    2.    Green Earth lacks information regarding the veracity of Paragraph 2.

    3.    Green Earth lacks information regarding the veracity of Paragraph 3.

    4.    Paragraph 4 is admitted.

    5.    Green Earth lacks information regarding the veracity of Paragraph 5.

---

[1] Improperly named Putting Green Engineer Services Corporation in the original Complaint (Doc. 1).

6. Paragraph 6 is a legal conclusion that does not necessitate a response. Nevertheless, Green Earth does not contest this Court's interpleader subject matter jurisdiction.

7. Paragraph 7 is a legal conclusion that does not necessitate a response. Nevertheless, Green Earth does not contest this Court's diversity subject matter jurisdiction.

8. Paragraph 8 is admitted.

9. Paragraph 9 is a legal conclusion that does not necessitate a response. Nevertheless, Green Earth does not contest that venue is proper in this judicial district.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. Green Earth lacks information regarding the veracity of Paragraph 12.

13. Green Earth lacks information regarding the veracity of Paragraph 13.

14. Green Earth lacks information regarding the veracity of Paragraph 14.

15. Green Earth lacks information regarding the veracity of Paragraph 15.

16. Green Earth lacks information regarding the veracity of Paragraph 16.

17. Paragraph 17 is admitted.

18. Green Earth lacks information regarding the veracity of Paragraph 18.

19. Regarding the prayer for relief:

    a. Assuming jurisdiction is proper, Sugar Bay does not oppose requiring all claimants to interplead their respective claims to the funds;

    b. The Court should not stay any pending action until Citadel makes the required factual and legal showing that it's entitled to such relief;

    c. The Court should not relieve or discharge Citadel from any such liability because it is not a disinterested stakeholder; and

d. Green Earth denies Citadel is entitled to costs, attorney's fees, or repayment out of the amount of the proceeds due to Green Earth. Green Earth lacks information regarding the propriety of such relief regarding any proceeds that are not due to Green Earth.

## ANSWER TO CROSSCLAIM OF SUGAR BAY

1. Paragraph 52 of Sugar Bay's Crossclaim is admitted to the extent that a judgment does exist. However, on reason and belief, said judgment is null and void for failing to make proper service upon the proper APM entity and/or proper service even if it was the property business entity.

2. Green Earth lacks information regarding the veracity of Paragraph 53.

3. Green Earth admits Paragraph 54.

4. Green Earth admits Paragraph 55.

5. Green Earth lacks information regarding the veracity of Paragraph 56.

6. Green Earth lacks information regarding the veracity of Paragraph 57.

7. Green Earth admits Paragraph 58.

8. Green Earth denies Paragraph 59.

9. Green Earth denies Paragraph 60.

10. Green Earth denies Paragraph 61.

11. Green Earth denies Paragraph 62.

12. Green Earth admits Paragraph 63.

13. Green Earth admits Paragraph 64.

14. Green Earth admits Paragraph 65.

15. Green Earth denies Paragraph 66.

16. Green Earth denies Paragraph 67.

17. Paragraph 68 does not require a response. In abundance of caution, if a response is required, then Green Earth denies said allegation in Paragraph 68.

18. Green Earth denies Paragraph 69.

19. Green Earth denies Paragraph 70.

## AFFIRMATIVE DEFENSES

AND NOW FOR FURTHER ANSWER TO THE COMPLAINT, Green Earth pleads the following affirmative defenses:

1. Bad Faith;

2. Breach of Contract;

3. Fraud;

4. Unclean Hands;

5. Mootness; and

6. Nonperformance.

## COUNTERCLAIM

**AND NOW,** assuming the position of Counter-Plaintiff, Green Earth Engineer Services, Corp., files this, its Original Counter-Claim against Plaintiff, Citadel Recovery Services, LLC and in support thereof would respectfully show unto this Honorable Court the following:

## FACTS

1. Hurricanes Irma and Maria in 2017 struck the U.S. Virgin Islands in 2017, necessitating significant cleanup and restoration efforts.

2. FEMA hired a general contractor, AECOM Caribe, LLP, to manage such cleanup and restoration activities. FEMA agreed to reimburse certain costs.

3. AECOM contracted with, among others, Citadel to provide certain services. It

agreed to reimburse Citadel's costs.

4. In turn, on or about December 12, 2018, Citadel sub-contracted with Agency Project Management, Inc. ("APM Inc.), a Puerto Rico corporation, having its principal place of business in Puerto Rico, for housing reconstruction work on the island of St. Thomas, and agreed pay APM Inc. $1,744,032.76.

5. Thereafter, APM entered into a sub-subcontract with Green Earth to provide certain services deemed necessary to accomplish the Prime Contract.

6. In addition to providing labor and materials on the projects, Green Earth provided approximately $200,000.00 to APM for said projects.

7. Pursuant to the Sub-subcontract with APM, Green Earth performed and is owed $498,893.11 for work and services performed plus $878,297.82 for change orders requested and performed for a grand total of $1,337,190.93.

8. Despite performing its work under the Sub-subcontract with APM, APM failed to remit payment to Green Earth.

9. Thereafter, on September 30, 2019, APM assigned to Green Coast and authorized Citadel to pay to Green Earth directly certain invoices owed to APM from Citadel (the "Assignment").

10. To date, no monies have been paid to Green Coast for the work it performed in St. Thomas.

11. Under the Subcontract between Citadel and APM, Inc., on reason and belief, Citadel currently owes APM, Inc. $1,744,032.76.

12. Green Earth has made amicable demand upon Citadel for the amounts owed to Green Coast via the assignment from APM.

13. Alternatively, on or about August 24, 2020, Citadel agreed to pay Green Earth a

total of $498,893.11 which Green Earth accepted.

14. However, to date, Citadel has failed to pay the amount promised.

## Count 1 – Breach of Contract

15. Green Earth repeats and realleges each and every allegation contained in Paragraphs 1-14 as if fully set forth herein.

16. The Prime, Subcontract, Sub-subcontract, and Assignment are valid and enforceable contracts.

17. Pursuant to the Sub-subcontract, Green Earth performed work totaling $1,337,190.93.

18. Pursuant to the Assignment, Citadel currently owes Green Earth $1,337,190.93.

19. In accordance with the sub-contract between APM, Inc. and Citadel, payment is due by Citadel to APM, Inc. as soon as Citadel is paid.

20. Upon information and belief, Citadel is in receipt of said funds.

21. As a result, Citadel's obligation to pay APM, Inc. the sum of at least $1,337,190.93 is presently due.

22. Citadel's failure to timely remit payment to Green Earth via its assignment from APM, Inc. constitutes a breach of contract, and Citadel is therefore liable to Green Earth for $1,337,190.93 as damages.

## Count 2 – Breach of Settlement Agreement

23. Green Earth repeats and realleges each and every allegation contained in Paragraphs 1-14 as if fully set forth herein.

24. On or about August 24, 2020, Citadel agreed to pay Green Earth a total of $498,893.11 which Green Earth accepted.

25. The settlement agreement is a valid contract.

26. Citadel's failure to timely remit payment to Green Earth under the settlement agreement is a breach thereof, and Citadel is therefore liable to Green Earth for $498,893.11.

WHEREFORE, Green Earth Engineer Services, Corp., prays that upon a final trial and hearing hereof, it has judgment in its behalf, together with costs of court, against Plaintiff/Counter Defendant, Citadel Recovery Services, L.L.C. for actual damages, pre- and post-judgment interest at the maximum rate allowed by law, costs of court, attorney's fees, consequential damages, specific performance and all other and further relief, general and special, at law and in equity, to which it may be justly entitled.

## CROSSCLAIM

**AND NOW,** assuming the position of Crossclaimant, Green Earth Engineer Services, Corp., files this, its Original Crossclaim against Co-Defendant, Sugar Bay Club & Resort, Corp., and in support thereof would respectfully show unto this Honorable Court the following:

## FACTS

1. On December 22, 2021, the Superior Court of the U.S. Virgin Islands entered judgment in favor of Sugar Bay and against APM, LLC in the amount of $369,949.00, together with post-judgment interest at the rate of four percent (4%) per annum running thereafter, for services housing and food services (the "Judgment").

2. On reason and belief, Sugar Bay obtained its Judgment against the wrong business entity because APM, LLC did not enter into a contract with Citadel.

3. Even if APM, LLC is the proper party, Sugar Bay failed to perfect service upon APM, LLC.

4. Florida's Division of Corporations' records show that Walmy Rivera is the registered agent for APM, LLC.

5. Sugar Bay attempted to serve Ms. Rivera by dropping service in front of her office door.

6. In response, Ms. Rivera filed a pleading with the Virgin Islands Court attesting and advising all that she was no longer the registered agent of APM, LLC and would not accept service.

7. Florida's Division of Corporations' records also show that Daniel Torres was an authorized person for APM, LLC.

8. Sugar Bay made no effort to serve Mr. Torres with service of its Petition.

9. Instead, Sugar Bay simply made service upon Florida's Secretary of State.

10. In response, the Secretary of State for Florida advised Sugar Bay that it did not forward documentation to the defendant (APM, LLC). In that same letter, the Secretary of State acknowledged service on Walmy Rivera and not APM, LLC.

11. Further, the notice of judgment regarding the Judgment was never mailed to APM, LLC.

## COUNT 1: NULLITY OF JUDGMENT

12. Green Earth repeats and realleges each and every allegation contained in Paragraphs 1-12 as if fully set forth herein.

13. A party challenging a judgment obtained by fraud or ill practices must make a direct attack on the judgment by an action in nullity. *Lowe's Home Const., LLC v. Lips,* 10-762 (La. App. 5 Cir. 1/25/11); 61 So. 3d 12, 16, *writ denied,* 2011-0371 (La. 4/25/11); 62 So. 3d 89 (citing LSA—C.C.P. art. 2004; *Phillips v. Space Master Intern., Inc.,* 96-877 (La. App. 5 Cir. 5/14/97); 696 So. 2d 64).

14. A "direct action" means that the party praying for the nullity of the judgment must bring his action by means of petition and the adverse party must be cited to appear. *Id.* (citing *State v. Daniel,* 39.633 (La. App. 2 Cir. 5/25/05); 903 So. 2d 644).

15. The action for nullity need not be filed in a new proceeding with a different number; however; what is important is that it be in a pleading directed to the express purpose of annulling the judgment. *Id.* (citing *Phillips,* supra*).*

16. In determining whether a judgment has been obtained by actionable fraud or ill practices, it must be shown that: "(1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief, and (2) the enforcement of the judgment would have been unconscionable and inequitable." *Hyde v. Cash Control Sys., L.L.C.,* 2014-0258 (La. App. 4 Cir. 9/3/14), 150 So. 3d 7, 13 (citing *Duckworth Properties,* p. So.3d at 289, quoting *Johnson v. Jones—Journet,* 320 So. 2d 533, 537 (La.1975))).

17. La. C.C.P. art. 2004 is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to include situations where:

> "[A] judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable."

*Id.* (citing *Russell v. Illinois Cent. Gulf R.R.,* 96-2649 (La. 1/10/97); 686 So. 2d 817. 819, quoting *Kern Search, Inc. v. Sheffield*; 434 So. 2d 1067, 1070 (La.1983)).

18. Here, for the foregoing reasons, Sugar Bay either obtained the Judgment against the wrong business entity or failed to make proper service upon APM, LLC. Thus, said Judgment would be unconscionable and inequitable.

WHEREFORE, Cross Claimant, Green Earth Engineer Services, Corp., prays that after due proceedings be had, there be judgment in its favor holding that the Judgments of Sugar Bay be declared completely null and void and to have no legal effect.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Date: July 19, 2022

                Respectfully submitted,

                <u>/s/ Jeffrey M. Siemssen</u>
                **ALBERT J. NICAUD (19261)**
                **JEFFREY M. SIEMSSEN (31965)**
                **Bret Guepet, Jr. (38758)**
                Nicaud & Sunseri, L.L.C.
                3000 18th Street
                Metairie, LA 70002
                (504) 837-1304
                Attorneys for Green Earth Engineer Services, Corp.

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing has been served upon each counsel of record by electronic transmission, this 19th day of July, 2022.

                <u>/s/ Jeffrey M. Siemssen</u>
                JEFFREY M. SIEMSSEN